UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN TYLER COLBOURN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. DRAPER, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-02918-EFB (PC)<br><br><br>ORDER |

Plaintiff, a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983 (ECF No. 1), seeks leave to proceed *in forma pauperis* (ECF No. 2). As discussed below, the request is granted, and the court will screen the complaint. 28 U.S.C. § 1915A(a).

### Application to Proceed in Forma Pauperis

Pursuant to 28 U.S.C. § 1915, federal courts are authorized to allow certain litigants to sue without prepayment of the ordinary filing fee (commonly referred to as "proceeding *in forma pauperis*"). These litigants must demonstrate that they are unable to pay the fee. 28 U.S.C. § 1915(a)(1) and (2). Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Prisoners face additional barriers to proceeding *in forma pauperis*. One such barrier, known as the "three strikes" provision, provides: "In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in

1

1  any facility, brought an action or appeal in a court of the United States that was dismissed on the
2  ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
3  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g);
4  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Prior cases that fall within the
5  categories described by section 1915(g) are known as "strikes." Thus, under section 1915(g), a
6  prisoner with three or more strikes (and who was not under imminent danger at the time of filing
7  the complaint) may not proceed *in forma pauperis* and must instead pay the full filing fee up
8  front. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

9  A case is "frivolous" under section 1915(g) "if it is of little weight or importance having
10 no basis in law or fact." *King*, 398 F.3d at 1121 (internal quotation marks omitted). "A case is
11 malicious if it was filed with the intention or desire to harm another." *Id*. And a case "fails to
12 state a claim under which relief may be granted" if it fails to state a claim under Federal Rule of
13 Civil Procedure 12(b)(6). *Id*.

14 A court may raise a plaintiff's three-strikes status *sua sponte* during screening, and in
15 doing so the court must identify the three cases that constitute strikes but need not provide the
16 plaintiff additional process. *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). The Court has *sua*
17 *sponte* considered plaintiff's previous civil actions while incarcerated:[1]

18 *Colbourn v. Done, et al.*, No. 2:19-cv-02308 (E.D. Cal., filed November 15, 2019). ECF
19 Nos. 21 at 7, 36, 43. In this matter, plaintiff's allegations were so vague and conclusory that the
20 Court was unable to determine whether the action was frivolous or failed to state a claim for
21 relief. The Court granted plaintiff leave to amend his complaint. Plaintiff failed to file an
22 amended complaint after being granted two extensions, and the Court dismissed the action for
23 failure to prosecute. This action is a strike because it is clear from the screening order that the
24 original complaint failed to state a non-frivolous, actionable claim and plaintiff did not attempt to
25 state a non-frivolous, actionable claim in an amended complaint. *See El-Shaddai v. Zamora*, 833

---

[1] Each of these civil actions was dismissed before plaintiff filed this lawsuit on December 14, 2023.

1  F.3d 1036, 1042 (9th Cir. 2016) (in determining whether a dismissal counts as a strike, "the style
2  of the dismissal or procedural posture is immaterial.  Instead, the central question is whether the
3  dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" (citations
4  omitted)).

*Colbourn v. California Courts, et al.*, No. 2:20-cv-00725 (E.D. Cal., filed April 8, 2020).
ECF Nos. 47 at 3-5, 53.  In this matter, plaintiff's complaint was dismissed because he failed to state a cognizable claim under § 1983.  Plaintiff's civil rights complaint could not be "salvaged" by converting it into a petition for writ of habeas corpus for multiple reasons including:  (1) failure to name the warden as a defendant; (2) demand for punitive damages; (3) non-cognizable grounds for a habeas action (allegation that the state violated its own laws does not create a cognizable federal claim); and (4) plaintiff had raised similar claims in previous habeas corpus petitions.  ECF No. 47 at 4-5.  According to *El-Shaddai*, 833 F.3d at 1047, a civil claim that is "like a habeas petition" is outside the scope of the [Prison Litigation Reform Act of 1995]." Plaintiff's civil complaint in *California Courts* was sufficiently "like a habeas petition" that the district court rejected converting the complaint to a habeas petition only for reasons that were more technical than substantive, and indeed because plaintiff had raised similar issues in his previous habeas petitions.  Therefore, the Court will not count *California Courts* as a strike.

*Colbourn v. Darnell, et al.*, No. 2:20-cv-01937 (E.D. Cal., filed September 28, 2020). ECF Nos. 5 at 2-3, 14, 18, 21 at 1-2.  In this matter, the Court's screening order found that plaintiff's complaint failed to state a claim upon which relief may be granted under federal law. The Court granted plaintiff leave to file an amended complaint.  Plaintiff filed three amended complaints which failed to comply with pleading requirements.  The Court granted plaintiff leave to file a fourth amended complaint.  Plaintiff's fourth amended complaint was dismissed because, to the extent the Court was able to "make some sense" of the fourth amended complaint, it failed to state a cognizable federal claim.  This action is a strike because it was dismissed for the explicit reason that the complaint failed to state a claim upon which relief may be granted.  *See King*, 398 F.3d at 1121 (a dismissal for failure to state a claim "plainly qualifie[s] as a strike").[2]

---

[2] A fourth earlier lawsuit filed by plaintiff is not a strike because it stated a cognizable

3

The Court concludes that, while it is a close question as to plaintiff's civil complaint in *California Courts*, plaintiff is not yet a three-strikes litigant for purposes of 28 U.S.C. § 1915(g). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

---

claim for relief. *Colbourn v. Mantei, et al*., No. 2:11-cv-00340 (E.D. Cal., filed February 7, 2011). ECF Nos. 4, 71, 72.  It was ultimately dismissed on plaintiff's motion for voluntary dismissal.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's garbled and disjointed allegations are presented as three distinct claims. Each of plaintiff's three claims implicates its own set of plausible defendants, although plaintiff's style of handwriting and of describing his claims creates uncertainty in determining the actual identities of most of the defendants, as well as which defendants plaintiff intends to sue on which of his claims.[3]

First, plaintiff alleges he has been illegally arrested and imprisoned pursuant to false police reports, and held at the Butte County Jail, by the unspecified actions of the "CHP"[4] and the "OPD"[5], Judge Caraway, prosecutors, and attorneys. ECF No. 1 at 5. It might plausibly be inferred that the defendants who plaintiff intends to associate with this claim may also include:

---

[3] Plaintiff's handwriting style has led to apparent misidentification of several defendants on the docket. *See* ECF No. 1 at 3-4. For example: (1) the actual name of the defendant identified as "Pauh Vue" may be "Paul Vue"; (2) the actual title and name of the defendant identified as "Amorney Harry Pihgrim" may be "Attorney Harry Pilgrim"; (3) the defendant identified as "Amorney" may be an (otherwise unidentified) "Attorney"; and (4) the defendant identified as "Ejidence Amorney" may or may not be an intended defendant, and may be plaintiff's reference to an attorney and/or to evidence and/or to an alleged issue with evidence. Some of the individual defendants' names also appear to be spelled inconsistently throughout the complaint.

This screening order tentatively refers to the individual defendants as they are identified on the docket.

[4] Plaintiff uses only the acronym "CHP" to identify this defendant. Although the court infers this as a reference to the California Highway Patrol.

[5] Plaintiff uses only the acronym "OPD" to identify this defendant. Presumably, this is a reference to the Oroville Police Department.

(1) the defendant tentatively identified as Judge Copregaza; (2) police officers who may include the defendants identified as B. Draper, Z. Tarris, Darnelle, Collins, Paul Vue, M. Stokes, Halierman, Chad Stewart, and Frank Rivera; and (3) prosecutorial and/or defense attorneys including the attorney tentatively identified as Harry Pihgrim. However, such inferences are speculative because plaintiff has named only Judge Caraway in stating this claim.

Second, plaintiff alleges one or more deputies at the Butte County Jail are ejaculating in the food served at the Jail and/or that plaintiff is being given contaminated and/or poisoned food. *Id*. at 6. Plaintiff does not identify which, if any, of the defendants are responsible for the alleged food contamination. Although it might be possible to infer that the defendants separately described as "bad deputies" (Ryan Nohand, Khols, Done,[6] and Steve T. Colbourn), *see id*. at 4, are responsible for the food contamination, such an inference would be speculative. Plaintiff does imply that Judge Caraway, the Parole Board, and unspecified "Courts" are (perhaps indirectly) responsible for holding him captive and falsely imprisoned. *Id*. at 6.

Third, plaintiff alleges he has been refused a California Parole Board hearing to present evidence and witnesses, possibly relating to false police reports and the unspecified actions of defendant officers whose names plaintiff mentions in this claim (Draper, Tarris, Collins, and Darnelle), and possibly also that plaintiff's speedy trial rights have been violated. *Id*. at 7.

Plaintiff designates each of his three claims as stating violations of his constitutional rights under the Eighth Amendment, and as unspecified forms of retaliation. *Id*. at 5, 6, 7. Plaintiff seeks money damages and to be "released A-SAP." *Id*. at 8.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 940, 934 (9th Cir. 2002).

////

---

[6] In *Colbourn v. Done, et al*., No. 2:19-cv-02308 (E.D. Cal., filed November 15, 2019), plaintiff alleged a Deputy Sheriff Done, along with other Butte County Jail and Sheriff's Department officials, were poisoning his food with snake venom. *See* ECF No. 21 at 3.

As drafted, plaintiff's complaint presents no cognizable federal claims. It is largely incomprehensible, lacks substance, and fails to specify how any particular defendant was involved in violating plaintiff's federal statutory or constitutional rights.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted). To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm; and (2) that the official was deliberately indifferent to his safety. *Id*. "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. A claim for damages against a prison official requires a showing that the official's deliberate indifference actually and proximately caused deprivation of the plaintiff's Eighth Amendment rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's allegations of contaminated food are too vague and conclusory to state a viable Eighth Amendment claim. The contaminated food allegation is that: "Butte County Judge Caraway laten [sic] klots [sic] & Butte jail deputies are jacking off in the food & poisoning the food & holding me captive." ECF No. 1 at 6. Plaintiff fails to allege a factual basis showing that any individual, identifiable prison official is responsible for the food contamination he alleges.

Similarly, plaintiff inserts words and phrases such as "retaliation," "false imprisonment," and "due process" in his complaint, without connecting them to any allegations showing any factual basis for any retaliation, false imprisonment, or due process claim. Such untethered claims are not sufficient to survive screening.

The complaint fails to state a First Amendment retaliation claim because it does not allege that any defendant took an adverse action against plaintiff *because* plaintiff had engaged in conduct that is protected by the First Amendment. *See Rhodes v. Robinson,* 408 F.3d 559, 567-

568 (9th Cir. 2005). If plaintiff intends to pursue a retaliation claim in an amended complaint, he must allege facts showing: (1) conduct that is protected by the First Amendment (such as filing or intending to file a complaint against a defendant); (2) that a defendant was aware of his First Amendment protected conduct; and (3) that the protected conduct was "the 'substantial' or 'motivating' factor" behind defendant's allegedly adverse actions. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

To the extent plaintiff is alleging claims of false arrest, false imprisonment, and/or lack of due process in his criminal proceedings, these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004). Some of the defendants may also have immunity from false arrest and/or false imprisonment claims. *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021) (judges enjoy absolute immunity from civil suits for damages); *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976) (prosecutors are absolutely immune from civil suits for damages under § 1983 challenging activities related to the initiation and presentation of criminal prosecutions); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (prosecutorial immunity extends to pretrial preparation). Thus, plaintiff's claims for damages based on false arrest, false imprisonment, and/or lack of due process in his criminal proceedings against Judge Caraway, Judge Copregaza, and any defendants who are prosecuting attorneys are not cognizable.

The complaint also attempts to impermissibly join claims that may not be pursued in a single action. Plaintiff's claims about the criminal proceedings resulting in his confinement are completely unrelated to his claims about his conditions of confinement at the Jail. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of

transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Some of plaintiff's allegations in this lawsuit - about being refused a Parole Board hearing and/or not being allowed to present evidence and witnesses - appear to be duplicative of the claim he has alleged in his earlier-filed pending lawsuit at *Colbourn v. Butte Courthouse Parole Board, et al.*, No. 2:23-cv-02316 (E.D. Cal. filed October 23, 2023). ECF No. 1 at 3. Plaintiff's Eighth Amendment claim in the *Butte Courthouse Parole Board* lawsuit is alleged against several of the same defendants here, including CHP, OPD, B. Draper, A. Farris [*i.e.*, Tarris], Collins, and Darnell [*i.e.*, Darnelle]. Plaintiff may not "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation and internal quotation marks omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Plaintiff's complaint, as drafted, fails to state a cognizable claim for violation of any constitutional right, improperly joins unrelated claims, and appears to present one or more claims that duplicate plaintiff's earlier-filed *Butte Courthouse Parole Board* lawsuit currently pending in this Court. Plaintiff will be granted an opportunity to amend his complaint to state cognizable claims that are not duplicative of his earlier-filed *Butte Courthouse Parole Board* lawsuit.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). The amended complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. Full names of institutional defendants must be stated and not just abbreviations or acronyms such as "CHP" or "OPD." The Court will not infer the identity of defendants, nor the existence of allegations that have not been explicitly set forth in the amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id*. The amended complaint should include only claims that are related because they concern the same event (or series of related events) or the same defendant. The amended complaint may not duplicate the claims plaintiff has alleged in his *Butte Courthouse Parole Board* lawsuit pending before this Court.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the 'amended complaint supersedes the original, the latter being treated thereafter as non-existent[]'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Butte County Jail filed concurrently herewith;

     3.     Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

     4.     Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: May 7, 2024

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE